## MORET *v.* VÁZQUEZ.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 108.—Resuelto en marzo 15, 1904.

DIVORCIO—ABANDONO.—El abandono de un cónyuge por el otro supone permanente separación de tálamo y habitación por voluntad del último y denegación por parte del mismo de los auxilios debidos al otro cónyuge.

ID.—DEBERES DE LA MUJER.—La mujer está obligada a seguir al marido dondequiera que fije su residencia, y se entenderá que deja de seguirlo voluntariamente, si no constare que hay algún motivo que le impide hacerlo así.

ID.—La voluntad firme y decidida de uno de los cónyuges, de no convivir con el otro cónyuge cumpliendo los deberes que como tal le imponen la ley natural y la civil, sostenida esa voluntad por más de un año, constituye el abandono que como causa de divorcio señala el artículo 164 del Código Civil.

APELACIÓN—PRUEBAS—INDEFENSIÓN.—No puede alegar indefensión la parte que haya tenido toda clase de oportunidades para presentar cuanta prueba estimara procedente, y que en el acto del juicio oral no haya protestado o reclamado contra las infracciones que estimara cometidas en el orden del procedimiento, por lo que debiendo estimarse consentidas, no podrían servir de fundamento para pedir la revocación de la sentencia.

ID.—Declaraciones testificales tomadas a espaldas de la parte contraria y no propuestas oportunamente en el juicio, y ofrecidas en la segunda instancia, después de estar citadas las partes para sentencia, no son admisibles.

### EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo seguido en el Tribunal de Distrito de San Juan, entre partes, de la una Don Simón Moret y Muñoz, como demandante, representado y dirigido por su abogado D. Juan Hernández López, y de la otra, como demandada, Doña Enriqueta Vázquez, representada primeramente, por los abogados D. José Hernández Usera y D. Ramón Falcón, y en el acto del juicio, por D. José de Jesús Tizol, sobre divorcio; autos pendientes ante nos en virtud de recurso de apelación interpuesto por la representación de la demandada contra la sentencia pronunciada por el expresado tribunal de distrito, que transcrita literalmente dice así:

"*Sentencia.* En la ciudad de San Juan de Puerto Rico a 24 de julio de 1903. Visto en juicio oral este (\*) pleito de nulidad de matrimonio civil y subsidiariamente de divorcio, seguido entre partes, de la una, como demandante, Don Simón Moret Muñoz, vecino de Cayey, médico, defendido por el Letrado D. Juan Hernández López; de otra, como demandada Doña Enriqueta Vázquez, vecina de New York, de profesión doméstica, defendida en el acto del juicio por el Abogado Don José de Jesús Tizol, y de otra el Honorable Fiscal del distrito.

"1. *Resultando:* que el Sr. Moret formuló demanda en 5 de septiembre de 1902, contra su consorte Doña Enriqueta Vázquez, alegando como hechos: que ambos cónyuges contrajeron matrimonio civil en la ciudad de New York el 9 de julio de 1898, según docu-

mento que acompañó; que el esposo no pudo consumar su matri- monio por no prestarse a ello la esposa; que ésta se marchó a vivir sóla y por su propia cuenta, rehuyendo la vida matrimonial sin que se aviniera a volver al hogar del marido a pesar de las gestiones que éste practicó por sí y por mediación de su señor padre, llegando la esposa hasta el extremo de no permitirle pasar a sus habitaciones particulares en la casa en que vivía; que al regresar el demandante a Puerto Rico, por razón de su cargo como médico militar, buscó inútilmente a su esposa para requerirla a que le acompañase a su nuevo domicilio, buscándola de nuevo en un viaje que hizo a New York, en esta ciudad sin lograr hallarla; que envió con una carta un giro a su esposa desde Puerto Rico, siendo devueltas ambas cosas a la señora madre del actor, y finalmente, que el abandono tuvo lugar en el año 1898, y hace mucho más de un año que el Sr. Moret se encuentra en Puerto Rico prestando sus servicios como médico militar, sin que su esposa, a pesar de ser puertorriqueña, haya que- rido venir a vivir en su compañía; consignando como fundamentos de derecho que la nulidad del matrimonio tiene lugar por impoten- cia relativa para la procreación, anterior al matrimonio, y que de estimarse tal nulidad, debería apreciarse que la negativa de la mujer a consumar el matrimonio, es gravemente injuriosa para el marido, existiendo, además, el abandono, o sea dos motivos de divorcio; y final- mente que debía condenarse a la demandada en costas.

"2. *Resultando:* que conferido traslado de la demanda a la de- mandada, se personó a su nombre y la contestó el Abogado Don José Hernández Usera, negando todos los hechos de la demanda, excepto el relativo al matrimonio de los cónyuges, estableciendo, además: que el marido fué el que abandonó a su mujer desde julio de 1899, viniendo a esta Isla sin hacer a su esposa la más pequeña indicación (*) de que le acompañara ni darle conocimiento de su partida, dejando de facilitarle recursos para su sostenimiento, ale- gando como fundamentos de derechos los artículos 131, número 5, 164, número 6 y 165, del Código Civil y el principio de que el cónyuge culpable no puede pedir el divorcio.

"3. *Resultando:* que el actor propuso prueba de documentos pú- blicos y privados y testifical, y la demandada de confesión testifical y de documentos privados en el acto de la comparecencia para pro- posición de pruebas, y en el acto del juicio oral, propuso el actor tres actas notariales y la demandada una carta suscrita por el Sr. Moret, siendo ambas pruebas admitidas.

"4. *Resultando:* de la prueba del actor que se unió a los autos la partida de nacimiento de la demandada, de la que aparece que nació el día 24 de enero de 1872; y que el capitán del Regimiento de Puerto Rico, Mr. Owal P. Townshend, certificó que el actor se encuentra prestando sus servicios en Cayey como cirujano ayudante del Regimiento Provisional de Infantería de Puerto Rico desde el 2 de julio de 1901.

"5. *Resultando:* de la prueba de dicho actor que Mr. George A. C. Barnett, abogado, declaró que tuvo una entrevista con la Sra. Vázquez de Moret hacia el mes de noviembre de 1899, por encargo de su marido con el fin de persuadirla a que fuera a vivir con éste, manifestándole ella su intención de jamás vivir otra vez con su esposo; que Doña Francisca Roncero manifiesta que hace tres años, poco más o menos, época en que ya estaban separados los esposos Moret, la comisionó el Dr. Moret para que se avistara con su esposa y le preguntara si había recibido varias cartas de él, comisión que no pudo cumplir por no encontrar a la Sra. Vázquez; que Don José J. Alonso, amigo íntimo del Dr. Moret, manifestó que pagaba a la Sra. Vázquez por encargo del Dr. Moret una suma semanal que enviaba a dicha señora por conducto de un tío de ella; que estuvo dos veces en la casa de la Sra. Vázquez en New York, la primera vez se le informó que dicha señora no estaba en la casa y la segunda pasó aviso a esta señora del objeto de su visita que era persuadirla a que volviera a vivir con su marido, negándose a recibirlo.

"6. *Resultando:* de la prueba del mismo actor que en el acto del juicio fueron presentadas y admitidas, de acuerdo con el artículo 505, No. 1, de la Ley de Enjuiciamiento Civil vigente, tres actas notariales de fecha 25 de abril de 1903, una en la que consta que requerida la Sra. Vázquez por el Notario D. Rafael López Landrón a instancias (*) de Don Simón Moret para que se aviniera a cumplir sus obligaciones de mujer casada, trasladándose al domicilio de su marido en Cayey, manifestó que su abogado, Mr. F. Dexter, tenía poder amplio para contestar sobre este asunto como si fuera ella en persona y las otras dos de requerimiento a los abogados Mr. F. H. Dexter y Don J. Hernández Usera, como representantes de la Sra. Vázquez, habiendo manifestado el primero que esta señora le había hablado sobre el asunto a que se refería el requerimiento, pero se había abstenido de dar su opinión por haberle dicho ella misma que su abogado era el Sr. Hernández Usera; y el segundo que acababa de renunciar la representación de la demandada.

"7. *Resultando:* de la prueba del actor que éste declaró como testigo que se casó con Doña Enriqueta Vázquez en New York en 1898, teniendo 18 años y siendo estudiante de medicina, y su esposa de 21 a 23 años; que poco después se fué a la guerra de Cuba regresando en 1899 a New York, viviendo en compañía de su esposa, comenzando entonces los disgustos matrimoniales; que se colocó en una farmacia en donde ganaba 8 pesos mensuales de los que daba 6 a su esposa; que ésta se ausentó de New York sin noticiarle su marcha, no obstante lo .cual le pasaba una pensión semanal; que pudo averiguar su paradero y fué a verla, negándose ella a recibirlo y teniendo que romper la puerta de su habitación promoviendo el consiguiente escándalo; que le envió al abogado Mr. Barnett y a Don Pedro Salazar para persuadirla de que se uniera a él, sin resultado; que él mismo en persona estuvo en unión de Don Pedro Guerrero en la calle 114, piso tercero, en New York, requiriendo a su esposa para que le acompañara a Puerto Rico, negándose a ello; y que al regresar su esposa a Puerto Rico con motivo de este pleito, le envió varios amigos insistiendo en hacer vida común con ella, negándose de nuevo; que el testigo Benigno Quevedo declaró que por encargo de Moret trató de ver a la Sr. Vázquez para persuadirla de que se uniera con su marido sin que pudiera verla personalmente, pero sí escribirle sin obtener respuesta; que el testigo Salvador Gallart depuso que vió a Moret depositar en el correo una carta certificada para su esposa conteniendo un giro de 50 pesos; que el testigo Julio Ramos, administrador de correos de Cayey, manifestó: que el 21 de abril de 1902 certificó Moret la carta referida, conteniendo un cheque de 50 pesos; y que el testigo Pedro Guerrero manifestó: que en marzo de 1902 acompañó al Sr. Moret, médico entonces del vapor *Philadelphia,* a un tercer piso de la calle 114, en donde habitaba (*) la Sra. Vázquez, invitándola él a que la acompañara a Puerto Rico y negándose ella.

"8. *Resultando:* de la prueba del actor que se unieron a los autos dos cartas dirigidas al Dr. Moret por su esposa, y por ella reconocidas, la una sin fecha y la otra incompleta, sin tener relación su contenido con el presente pleito por lo que no se consigna el contenido de ambas.

"9. *Resultando:* de la prueba de la demandada que se unió a los autos una comunicación del Coronel Buchanan, manifestando que el Sr. Moret entró a ejercer su cargo en 22 de junio de 1901.

"10. *Resultando:* de la prueba de la demandada que se trajeron

a este pleito y reconocieron por el actor tres cartas por él.dirigidas a su señor padre, Don Simón Moret, Ponce, fechada en New York, diciembre 5 de 1899, otra dirigida a Mr. William de Rivera, New York City, fechada en la misma ciudad en 19 de diciembre de 1899, y la tercera dirigida a Mrs. Parcy Walling, city, fechada en New York en diciembre 26 de 1899, en la primera de las cuales el actor acusa recibo a su padre de la suma de 40 pesos, y le pide que no le abandone ni a él ni a su esposa; la segunda en que manifiesta hallarse satisfecho de que su señora esté al lado del Sr. Rivera y propone a éste un arreglo para que no tenga que sufragar los gastos de su esposa, y la tercera en que pide la Sra. Walling una cuenta de los gastos hechos por su esposa desde el 9 de julio de 1898 hasta el 14 de marzo de 1899, excusándose de no haberlo hecho antes por su escasez de recursos.

"11. *Resultando:* que asimismo reconoció el actor una carta dirigida por él a su consorte, fechada en New York a 30 de mayo de 1899, en la que expresa haberse ido de su lado por causa de su hermana Consuelo, pero que no la ha abandonado; que desde el siguiente día comenzará a trabajar según le prometió y le enviará su semanal el sábado, rogándole encarecidamente que lo acepte, manifestando el propósito de continuar en septiembre sus estudios y graduarse para volver a su esposa como hombre honrado.

"12. *Resultando:* que efectuado el juicio oral de este pleito a puerta cerrada, por la índole del mismo, informaron los abogados de las partes lo atinente a su derecho, desistiendo el actor de su acción de nulidad de matrimonio y de su alegación de injurias graves como causa de divorcio, asistiendo al acto el demandante y la demandada sin que concurriera el Ministerio Fiscal, citado al efecto, que tampoco contestó la demanda de que se le dió traslado. (*)

"13. *Resultando:* que con citación de las partes y en pública audiencia se pronunció unánimemente sentencia en esta causa civil.

"14. *Resultando:* que en la tramitación de este juicio se han observado las formalidades legales.

"Siendo Ponente el Juez Asociado Don José Tous Soto.

"1. *Considerando:* que por el desistimiento de la parte actora no hay que hacer mérito de sus alegaciones de nulidad de matrimonio y divorcio fundado en injurias graves, limitándose el debate a resolver si la mujer abandonó al marido, habiendo transcurrido más de un año desde este hecho hasta la fecha de la interposición de la demanda o por el contrario, la esposa fué abandonada por el marido.

"2. *Considerando:* que las cuatro cartas ofrecidas por la deman-
dada como prueba, no revelan que fuera abandonada por su marido,
pues la de mayo, 1899, a ella dirigida por este último demuestra
solamente una separación momentanea de los cónyuges producida por
determinados motivos, pero nó el abandono de la mujer por el marido,
que supone permanente separación de tálamo y habitación por volun-
tad del marido y denegación de parte del mismo de los auxilios de-
bidos a su mujer; demostrando por el contrario tal carta el propósito
del marido de auxiliar a su mujer con el producto de su trabajo per-
sonal, y de volverse a unir con ella terminado que hubiera su carrera;.
y en cuanto a las cartas dirigidas a la Sra. Walling y al Sr. Rivera,
demuestran que la Sra. Vázquez de Moret vivió en compañía y a
expensas de la primera desde el 9 de julio de 1898 hasta el 14· de
marzo de 1899, y en compañía y a expensas del segundo, un tiempo
que no puede precisarse, hacia el mes de octubre de 1899, fecha pos-
terior a la del supuesto abandono; pero también demuestran que
Moret tenía en diciembre de 1899, mes en que ambas cartas se escri-
bieron, el propósito de satisfacer los gastos causados por su esposa
en las respectivas casas dirigiéndose a la Sra. Walling y Sr. Rivera,
ofreciendo formalmente solventar los desembolsos que les hubiera
ocasionado su consorte, y respecto a la carta del Dr. Moret, dirigida a
su señor padre, ella es la demostración más elocuente de que la Sra.
Vázquez no fué abandonada por su esposo en mayo de 1899, o en todo
caso que éste fué momentáneo, volviendo a unirse ambos después,
puesto que en diciembre del mismo año, según del contexto de dicha
carta, firmada Enriqueta y Simón, se deduce, el marido se preocu-
paba de la suerte de su consorte tanto como de la suya propia, lla-
mando a esta 'hija de su padre' y 'mi pobre Enriqueta' circunstan-
cias (*) todas que no se compadecen con el pretendido abandono de
la mujer por el marido.

"3. *Considerando:* que es un hecho demostrado, así por la prueba
de la demandada (informe del Coronel Buchanan) como de la del
actor (informe del Capitán Townshend) que en julio de 1901 el Dr.
Moret empezó a servir en Cayey su empleo de cirujano ayudante del
Regimiento de Puerto Rico, y debiendo la mujer seguir al marido
donde quiera que fije se residencia y no constando motivo alguno que
hubiera impedido a la Sra. Vázquez de Moret reunirse con su esposo,
debe deducirse lógicamente que no quiso seguir a éste cuando tras-
ladó su residencia a Puerto Rico, país natal de ambos, al cual re-
gresó el esposo para ocupar el puesto de médico militar que actual-

mente ocupa, manifestándose la voluntad firme y constante de la esposa de no hacer vida común con su consorte desde fines del año 1899 en que, según manifiesta el abogado Sr. Barnett, se negó a volver de nuevo al hogar conyugal, después en marzo de 1902, al ser requerida al afecto por su marido, según declaración del testigo Guerrero, y finalmente evadiendo la respuesta al requerimiento notarial que con el expresado fin le hizo el actor, ya comenzado este litigio, con el propósito de ponerle término con una franca reconciliación.

"4. *Considerando:* que la expresada firme y decidida voluntad de la demandada de no convivir con su marido cumpliendo los deberes que como esposa le imponen de consuno la ley natural y la ley civil persistiendo en ella por más de un año, constituye el 'abandono' que señala el número 5 del artículo 164 del Código Civil Revisado, como causa de divorcio.

"5. *Considerando:* que no desestimándose en absoluto las pretensiones de ninguna de las partes, el tribunal debe proceder en la imposición de costas con arreglo a equidad.

"Vistos los artículos 164 y 173, No. 5, del Código Civil, y los de aplicación de la Ley de Enjuiciamiento Civil y Orden General 118, serie de 1899.

"*Fallamos:* que debemos declarar y declaramos con lugar esta demandada de divorcio, y en su consecuencia disuelto en absoluto el matrimonio civil contraído por el Sr. Don Simón Moret Muñoz con la Sra. Doña Enriqueta Vázquez en la ciudad de New York el día 9 de julio de 1898, quedando en libertad ambos cónyuges para contraer nuevo enlace matrimonial, con los demás efectos legales consiguientes al divorcio, sin especial condenación (*) de costas. Así por esta nuestra sentencia definitivamente juzgando, lo pronunciamos, mandamos y firmamos. Juan Morera Martínez, Frank H. Richmond y José Tous Soto."

*Resultando:* que notificada dicha sentencia a Doña Enriqueta Vázquez, interpuso contra ella recurso de apelación, que le fué admitido, ordenándose que se remitieran los autos a este tribunal, previa citación y emplazamiento de las partes, y personadas éstas, se dió al recurso la tramitación correspondiente, habiéndose señalado día para la vista, en la que los abogados de las respectivas partes y el Sr. Fiscal, que

impugnó el recurso, alegaron lo conducente a sus respectivas pretensiones.

Abogado del apelante: *Sr. Savage.*

Abogado del apelado: *Sr. Hernández López.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada, y

*Considerando,* además, que no son de estimarse las protestas de indefensión, alegadas en el acto de la vista por el abogado defensor de la apelante, pues no habiéndose coartado, ni limitado en manera alguna a esta parte, sus legítimos medios de defensa, antes al contrario, habiéndosele admitido todas las pruebas que propuso y que estimó pertinentes a su derecho, y habiéndosele concedido tiempo más que suficiente para evacuarlas, incluso los interrogatorios de repreguntas para los testigos de la prueba contraria, si realmente hubiera tenido algún interés en formularlos, no se justifican bajo ningún concepto las protestas de indefensión aludidas, máxime, cuando no habiéndolas consignado en el acto del juicio oral, ni establecido reclamación alguna para que se subsanaran las infracciones que se suponen cometidas en el orden del procedimiento, deberían estimarse consentidas en todo caso, y no podrían servir de fundamento para pedir la nulidad de la sentencia apelada.(*)

*Considerando,* en cuanto a las declaraciones testificales que presentó el abogado defensor de la parte apelante, con su escrito de 19 de enero último, y le fueron devueltas por providencia del siguiente día, y en cuya agregación a los autos ha insistido en el acto de la vista, que tanto por el estado en que se encontraban estos autos cuando fué presentado dicho escrito, estando ya citadas las partes para sentencia, cuanto por tratarse, no de una prueba de documentos, sino de una prueba de testigos, que no fué propuesta oportunamente en

el juicio, y que a mayor abundamiento se ha recibido. sin citación y, por consiguiente, a espaldas de la parte contraria, no es de admitirse, por no estar comprendida en ninguno de los casos en que procede el recibimiento a prueba, en la segunda instancia, con arreglo al artículo 801 dè la Ley de Enjuiciamiento Civil.

*Vistas* las disposiciones legales citadas.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada con las costas a la apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac- Leary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.